888 F.2d 127
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
DILLEY, DEWEY & DAMON, P.C., Plaintiff-Appellant,
v.
ST. PAUL FIRE AND MARINE INSURANCE CO., Defendant-Appellee.
 No. 89-1082.
 United States Court of Appeals, Sixth Circuit.
 Oct. 24, 1989.
 
 Before BOYCE F. MARTIN, Jr. and BOGGS, Circuit Judges, and LAWRENCE P. ZATKOFF, District Judge.*
 PER CURIAM.
 
 
 1
 Dilley, Dewey & Damon, P.C., appeals the district court's decision granting summary judgment in favor of St. Paul Fire & Marine Insurance Company. We affirm.
 
 
 2
 From April 11, 1984 until April 11, 1988, St. Paul Fire & Marine Insurance Company provided business insurance to Dilley, Dewey & Damon. This insurance included coverage for losses "caused by employee fraud or dishonesty." Coverage was limited to $25,000 for losses caused by a single employee. Each insurance policy was effective for one year. After the 1986 policy year, the policy was extended annually by renewal certificates. The terms of the policy were the same each year.
 
 
 3
 From 1984 to 1988, Dilley, Dewey & Damon suffered losses due to the dishonesty of a single employee, Susan Frazine. Frazine embezzled a total of $53,212.97 during the four-year period. Dilley, Dewey & Damon made a claim to St. Paul for the entire amount of the loss. St. Paul paid $25,000 to Dilley, Dewey & Damon under the policy, but refused to pay the remaining $28,212.97.
 
 
 4
 Dilley, Dewey & Damon filed suit in the state court of Michigan alleging that St. Paul had wrongfully refused to fully pay for a covered loss. On May 4, 1988, St. Paul removed the case. Based on a joint stipulation of facts, the parties submitted motions for summary judgment.
 
 
 5
 The only dispute here is the interpretation of certain provisions in the insurance contract. The relevant language provides:
 
 
 6
 Limit of your coverage [$25,000]. This is the most we'll pay for all loss caused by any one employee, even if others are involved. If your loss is caused by two or more employees acting together, this limit applies separately to each employee. Any payment we make won't reduce your coverage for loss caused by other employees.
 
 
 7
 This limit of coverage applies regardless of how many people are insured under this agreement. This amount can't be accumulated from year to year, no matter how long this agreement is in effect or how many premiums you pay....
 
 
 8
 Continued coverage. You may have been insured by a previous bond that covered the same losses this agreement covers and that ended at the time this agreement became effective. If you were, but can't recover on a loss that was caused while the previous bond was in force because its discovery period has run out, we'll cover your loss....
 
 
 9
 We won't pay more than the limit of your coverage for the loss under the previous bond or under this agreement when it became effective, whichever coverage is less. And the amount we pay will be a part of your coverage under this agreement--not in addition to it.
 
 
 10
 We may have insured you under other bonds whose discovery period had not run out when you discovered a loss that occurred partly under those bonds and partly under this agreement. If this is the case, we'll pay you up to the limit of coverage under this agreement or under the previous bonds we issued, whichever coverage is greater.
 
 
 11
 Dilley, Dewey & Damon argues that the district court improperly considered the Continued coverage provision in determining that recovery is limited to the maximum coverage ($25,000) provided by the current contract. Dilley, Dewey & Damon contends that the Continued coverage provision only applies to prior bonds and not to prior insurance policies. Dilley, Dewey & Damon concludes that the $25,000 limitation applies to each policy year separately, and thus St. Paul owes coverage for losses suffered during each year up to the $25,000 limit of the policy.
 
 
 12
 Under Michigan law, a clause in an insurance policy is valid as long as it is clear, unambiguous and not in contravention of public policy. Raska v. Farm Bureau Mutual Ins. Co., 412 Mich. 355, 361-62, 314 N.W.2d 440 (1982). If a term in an insurance policy unambiguously denies coverage, the term must be enforced. Id. at 362-63, 314 N.W.2d at 441.
 
 
 13
 The second paragraph of the policy's Limit of your coverage provision states, "This amount can't be accumulated from year to year, no matter how long this agreement is in effect or how many premiums are paid." Though this language on its own appears to unambiguously limit coverage to $25,000 over the life of the policy and any renewals, Dilley, Dewey & Damon convinced the district court that one could reasonably read this language as only preventing the insured from increasing coverage for any particular year by accumulating coverage for a single employee from prior years. The district court went on to find, however, that Dilley, Dewey & Damon's interpretation ignores language in the Continued coverage provision which clearly limits coverage to $25,000, even if the loss occurred in a prior, insured year.
 
 
 14
 Dilley, Dewey & Damon's argument that the Continued coverage provision applies to bonds and not to insurance policies is also completely meritless. The third paragraph of the Continued coverage provision clearly anticipates the type of situation which occurred in this case. The use of the word "bond" is irrelevant. The district court, therefore, correctly held that the language of the policy unambiguously limits coverage to $25,000.
 
 
 15
 We also agree with the district court that Rule 11 sanctions are inappropriate in this case.
 
 
 16
 Accordingly, judgment in favor of St. Paul Fire and Marine Insurance Company is hereby affirmed.
 
 
 
 *
 The Honorable Lawrence P. Zatkoff, United States District Judge for the Eastern District of Michigan, sitting by designation